**Jacques F. BRUCE, Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

**No. 02–3393.**

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 10, 2003.

Before RADER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Jacques F. Bruce seeks review of the final decision of the Merit System Protection Board (Board), which denied his appeal of his removal from a sensitive agency position. The Board concluded that no new, previously unavailable evidence was presented on appeal, and that the administrative judge made no error in law or regulation that affects the outcome of this case. This court *affirms* the Board's decision.

I.

Mr. Bruce was employed by the Defense Logistics Agency (Agency) as a GS–6 Electronic Duplicating System Technician, a sensitive position requiring a security clearance. The Agency removed Mr.

Bruce from this position because he lost his security clearance. Mr. Bruce appealed the Agency's decision to the Board.

On May 2, 2002, based upon a review of the administrative record and relying upon *Department of Navy v. Egan,* 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988), the administrative judge affirmed the Agency's decision. In making this determination, the administrative judge held that the Board lacks authority to review the substance of an underlying security clearance determination in an adverse action appeal under 5 U.S.C. § 7513. This statute provides a number of procedural protections to agency employees subject to removal, including notice, an opportunity to respond, representation by counsel and a written decision. *See* 5 U.S.C. § 7513 (2000). The administrative judge found that Mr. Bruce's security clearance was revoked, that it was a condition of his employment, and that he was afforded the requisite procedural protections of 5 U.S.C. § 7513.

Mr. Bruce petitioned the Board to reconsider its unfavorable initial decision. The Board denied this petition, making the administrative judge's initial decision final on August 12, 2002. This appeal followed. Jurisdiction for this court to consider this appeal is afforded by 28 U.S.C. § 1295(a)(9).

## II.

This court's scope of review in an appeal from a decision of the Board is limited. Specifically, this court must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

## III.

The United States Supreme Court has ruled that the Board has no authority to review the substance of an underlying security clearance determination in an adverse action appeal under 5 U.S.C. § 7513 involving the denial or revocation of a security clearance. *See Egan,* 484 U.S. at 530–31. According to *Egan,* the Board's review is limited to determining whether the agency provided an employee removed for cause with the procedural protections required under § 7513. When a petitioner challenges an adverse agency action based on a security clearance determination, the Board may determine only: (1) whether a security clearance was denied; (2) whether petitioner's position required the security clearance; and (3) whether the statutory procedures with respect to adverse actions were followed. *Hesse v. Department of State,* 217 F.3d 1372, 1376 (Fed.Cir.2000).

Mr. Bruce does not dispute that his security clearance was revoked. Moreover, Mr. Bruce does not dispute that his position was designated as noncritical sensitive, and that he was required to possess a security clearance to serve in this position. While Mr. Bruce argues "the clearance matter was unimportant for my removal," the Board found that the agency removed Mr. Bruce because he no longer met a mandatory condition of employment absent his security clearance.

Mr. Bruce only asserts as reversible error a violation of procedural process under § 7513. Mr. Bruce argues he was denied priority placement or other "help" in "restoring his employment." This court understands these arguments to contend that the Agency did not offer Mr. Bruce a reassignment. However, the Board noted that, in order to prove entitlement to reassignment to a non-sensitive position, an appellant must show that the agency has a

policy, manifested by regulations, requiring such reassignment. *Hesse*, 217 F.3d at 1381. Mr. Bruce provided no such evidence to the Board. The Board properly considered and denied Mr. Bruce's appeal in view of the criteria set forth in *Hesse*, accordingly.

For the foregoing reasons, the final decision of the Board is affirmed.